**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4830

DEMONT CHRISTOPHER BLUE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-97-131)

Submitted: June 16, 1998

Decided: August 5, 1998

Before WILKINS and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Steven D. Benjamin, Betty Layne DesPortes, Richmond, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Michael C. Wal-
lace, Sr., Assistant United States Attorney, Richmond, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Demont Blue appeals his conviction and sentence for possession of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1994). Finding no error, we affirm.

Blue first contends that the district court denied him a fair trial by interrogating him before the jury. Federal Rule of Evidence 614(b) authorizes a trial judge to interrogate witnesses. This interrogation is reviewed for an abuse of discretion with the seminal question being whether the district court imposed its own view of the evidence on the jury. See United States v. Wilson, 118 F.3d 228, 237 (4th Cir. 1998). We conclude that the district court did not in any way impose its view of the evidence on the jury. Rather, the questions appear to have been aimed at developing the facts of the case. As such, the examination was not an abuse of discretion.* See United States v. King, 119 F.3d 290, 294 (4th Cir. 1997) (holding that while district court must maintain impartiality, it may still interrogate witnesses as necessary to ensure proper development of the facts).

Blue next argues that the district court erred in denying his motion to suppress. This Court reviews a district court's factual findings in a motion to suppress for clear error and its legal conclusions de novo. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). In support of his assertion, Blue argues that he was "seized" when a police officer followed him after he began to walk away from a voluntary police encounter. Blue's very action of walking away from the officer, however, indicates that he believed he was free to leave. Thus, there was no seizure.

_____

*We also note that the court gave an appropriate instruction to the jury that the court's comments were not to be construed as expressing any opinion on the case and were to be disregarded.

2

For a seizure to have occurred, there must have been either an application of physical force, or a show of authority to which Blue yielded. See California v. Hodari D., 499 U.S. 621 (1991). This did not occur until after Blue ran from the first officer and collided with a second, resulting in Blue's fall to the ground. We find that the facts known to the officers at this time, taken in their totality, create a reasonable suspicion that criminal activity was afoot so as to justify the second officer's "seizure" of Blue by impeding his flight. See United States v. Cortez, 449 U.S. 411, 417 (1981) (explaining "totality of circumstances" standard). We thus find no error in the district court's denial of Blue's suppression motion.

Finally, Blue contends that the district court erred in employing the Sentencing Guidelines' provisions dealing with crack cocaine because there was insufficient evidence that the drug involved was crack, as opposed to another form of cocaine base. In reviewing the district court's application of the Guidelines, this Court reviews legal determinations de novo and factual determinations for clear error. See United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996). We conclude there was sufficient evidence that the cocaine base which Blue was carrying was crack cocaine. Thus, we find no clear error in the district court's finding that the drug was crack cocaine and in its subsequent application of the 100:1 sentencing ratio.

For these reasons, we affirm Blue's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3